**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| William Lincoln, | : | CIV. ACTION NO. 16-609 (RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| Superior Court of New Jersey, | : | |
| Defendant. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

On February 3, 2016, Plaintiff filed a self-styled "Affidavit of Fact" "Notice to Void All Contracts." (ECF No. 1.) This document was addressed to the Superior Court of New Jersey Law Division, Criminal Part, Camden County. Plaintiff submitted a cover letter with this document, addressed to this Court. (ECF No. 1-1.) In the cover letter, Plaintiff asks whether something can be done because a state court judge "is moving forward with trial at 9:00 a.m. on January 26, 2016, and he does not have the jurisdiction to do so." (Id.) In his "Notice to Void All Contracts," Plaintiff stated "I do not consent to the courts using any jurisdiction that is not common law jurisdiction; I do not consent to a statutory jurisdiction." (ECF No. 1 at 2.)

1

Federal courts have "pre-trial habeas corpus jurisdiction," under 28 U.S.C. § 2241, but the Third Circuit Court of Appeals has held that courts should not exercise such jurisdiction unless extraordinary circumstances are present. Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)). Jurisdiction must be exercised sparingly to prevent "'interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445-46). The district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Moore, 515 F.3d at 443.

The Court construes Plaintiff's filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] However, Plaintiff's claim that the state court lacks jurisdiction over him in a criminal proceeding because he did not consent to statutory jurisdiction is frivolous. Therefore, in the accompanying Opinion filed herewith, the Court will deny Plaintiff's petition with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to petitions under 28 U.S.C. § 2241 by application of the scope of the rules, Rule 1(b).

---

[1] Plaintiff did not submit a filing fee or an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a).

```
                              s/Renée Marie Bumb
```
                                          **RENÉE MARIE BUMB**
                                          **UNITED STATES DISTRICT JUDGE**